**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000123
22-JUN-2018
08:19 AM**

NO. CAAP-16-0000123

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ONEWEST BANK, F.S.B., Plaintiff-Appellant,
v.
DIANA G. BROWN; D. MICHAEL DUNNE, SUCCESSOR TRUSTEE
OF THE REVOCABLE LIVING TRUST OF HAROLD G. STRAND AND
MARGARET M. STRAND; JERRY IVY; OMNI FINANCIAL, INC.;
CITIBANK (SOUTH DAKOTA), N.A.; THE ASSOCIATION OF THE
OWNERS OF THE KUMULANI AT THE UPLANDS AT MAUNA KEA,
an unincorporated association, Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-410K)

AMENDED SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant OneWest Bank, F.S.B. (**OneWest
Bank**), appeals from the Circuit Court of the Third Circuit's
(**Circuit Court**)[1] September 22, 2015 "Order Denying Plaintiff
OneWest Bank's Motion for an Order (1) Vacating Order Confirming
Foreclosure Sale Filed March 6, 2015; (2) Determining Deductions
to Plaintiff's Credit Bid Deposit; (3) Reopening Bid at Hearing
on Motion; (4) Confirming Sale to Plaintiff at Adjusted Credit

---

[1]     The Honorable Melvin H. Fujino presided.

Bid Amount; (5) for Other HRCP Rule 60(b) Relief; Alternatively (6) Instructing Commissioner to Conduct a New Auction, Filed May 21, 2015" (**Order Denying the Rule 60(b) Motion**). OneWest Bank also challenges the Circuit Court's February 12, 2016 order denying reconsideration of the Order Denying the Rule 60(b) Motion (**Order Denying Reconsideration**).

On appeal, OneWest Bank raises four points of error, arguing that the Circuit Court: (1) erred in entering the Order Denying the Rule 60(b) Motion and/or the Order Denying Reconsideration because the Order Denying the Rule 60(b) Motion was void and entered in violation of OneWest Bank's right to due process; (2) erred in entering the Order Denying the Rule 60(b) Motion and the Order Denying Reconsideration because the Circuit Court lacked subject matter jurisdiction (in the underlying foreclosure action) to award damages to Defendant-Appellee the Association of Owners of the Kumulani at the Uplands at Mauna Kea (**Association**) and, alternatively, because the Association presented no evidence of damages caused by OneWest Bank's failure to complete the foreclosure sale; (3) abused its discretion in entering the Order Denying Reconsideration, for various reasons; and (4) erred in entering a final judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve OneWest Bank's points of error as follows:

(1) OneWest Bank argues that the Circuit Court erred in the Order Denying the Rule 60(b) Motion because OneWest Bank

was entitled to post-judgment relief pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)(1), (b)(4), and (b)(6). OneWest Bank sought relief from parts of both: (1) the Circuit Court's June 3, 2014 Judgment (**Judgment on Foreclosure Decree**), which was entered pursuant to the Circuit Court's June 3, 2014 Findings of Fact, Conclusions of Law, Order Granting [OneWest Bank's] Motion for Entry of Default Judgment . . .; for Summary Judgment Against [the Association]; for an Order for Interlocutory Decree of Foreclosure and for Entry of Final Judgment Pursuant to [HRCP] 54(b) (**Foreclosure Decree**); and (2) the Circuit Court's March 27, 2015 Final Judgment (**Judgment on Confirmation Order**), which was entered pursuant to the March 6, 2015 Circuit Court's Order Granting Plaintiff's Second Motion for Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorney's Fees, Costs, and Directing Conveyance (**Confirmation Order**).

As previously stated in this court's July 13, 2016 Order Regarding May 12, 2016 Motion to Determine Appellate Jurisdiction (**Order Regarding Appellate Jurisdiction**), no party filed a notice of appeal, or a tolling motion, from either the Judgment on Foreclosure Decree or the Judgment on Confirmation Order; nor did any party file a notice of appeal from the Circuit Court's July 24, 2015 post-judgment Order Granting in Part and Denying in Part [the Association's] Motion for Order to Show

Cause and for Civil Contempt and for Other Relief (**Order on Motion to Show Cause**).[2]

HRCP Rule 60(b)(1): OneWest Bank argues that the "Circuit Court abused its discretion in denying reconsideration based on mistake, inadvertence, and excusable neglect." Although OneWest Bank references HRCP Rule 60(b)(6), the gravamen of this argument is that the Circuit Court erred by denying its HRCP Rule 60(b) motion for relief from the Judgment on Foreclosure Decree and the Judgment on Confirmation Order pursuant to HRCP Rule 60(b)(1). HRCP Rule 60(b)(1) permits a court to relieve a party from a final judgment or final order because of mistake, inadvertence, surprise, or excusable neglect. "A party cannot have relief under 60(b)(1) merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inadvertence." Joaquin v. Joaquin, 5 Haw. App. 435, 443, 698 P.2d 298, 304 (1985) (brackets omitted) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2858 (1st ed. 1973)).

OneWest Bank asserts that it was entitled to relief because it did not "realize its debt was fixed" by the Foreclosure Decree, and it faults the fact that the Circuit Court's January 13, 2015 order on OneWest Bank's motion to re-open bidding "made no mention of limiting [OneWest Bank's] credit-bid amount or that [OneWest Bank's] debt was fixed at any

---

[2] The motion seeking HRCP Rule 60(b) relief was filed prior to and did not seek relief from the Order on Motion to Show Cause. The motion for reconsideration of the Order Denying the Rule 60(b) Motion did not seek relief from the Order on Motion to Show Cause.

amount[.]" Upon review of the record, it is simply not plausible that OneWest Bank was "unaware" that the Foreclosure Decree limited its debt amount. We conclude that this argument is inconsistent with the record in this case and that it is without merit.

Most notably, the Foreclosure Decree, which set forth the limitation, was drafted by OneWest Bank's (prior) attorney, who also represented OneWest Bank at the September 26, 2013 hearing where the Circuit Court orally ruled that OneWest Bank was limited to "interest at a rate of 7 percent for a period of 24 months and no additional interest" and was "barred from collection of any escrow advances and taxes, property preservation fees, property inspection fees, BPO and appraisal fees[.]" At subsequent hearings, where OneWest Bank was represented by its current counsel, the court and the parties again referenced OneWest Bank's recovery as being capped at $581,972.26. Specifically, at the October 31, 2014 hearing on OneWest Bank's motion to re-open bidding, the Circuit Court explicitly stated before OneWest Bank's current counsel, "[t]he Court has already, in this case, cut off interest to the bank from at least the date of the motion for summary judgment, and so the - there's not further damage to the borrower, in terms of a deficiency judgment, by the delay." (Emphasis added). At the February 9, 2015 hearing on OneWest Bank's motion to confirm, counsel for OneWest Bank specifically acknowledged that it bid several hundred thousand dollars over the debt owed to OneWest Bank and even presented argument as to the distribution of excess

5

proceeds. The Confirmation Order again specifically stated that the amounts due OneWest Bank total $581,972.26 and that OneWest Bank is not entitled to any further interest, attorney's fees, or costs.

Thus, OneWest Bank had actual notice at every stage of the proceedings leading up to the entry of the Foreclosure Decree, the Judgment on Foreclosure Decree, the Confirmation Order, and the Judgment on Confirmation Order that its recovery was limited to $581,972.26 and that its bid of $815,098.42 would result in an amount in excess of its debt, and that, as stated in the Confirmation Order, the surplus would be payable to the Association (in the amount of $116,011.95 for, *inter alia*, outstanding maintenance fees) and to Defendant-Appellee Diana G. Brown, after settlement of various other amounts. Moreover, there is no cogent argument concerning OneWest Bank's failure to timely appeal the Judgment on Foreclosure Decree and/or the Judgment on Confirmation Order. Based on the record in this case, we cannot conclude that the Circuit Court erred in denying HRCP Rule 60(b)(1) relief from the Judgment on Foreclosure Decree and the Judgment on Confirmation Order.

HRCP Rule 60(b)(4): OneWest Bank argues that the Confirmation Order was void and entered in violation of OneWest Bank's constitutional right to due process. OneWest Bank contends that "[t]he [Association]'s failure to plead, serve and prove its lien priority rendered the Circuit Court powerless to grant the [Association] any affirmative relief including that the

Owner owed it $116,011.95 in unpaid dues and that $81,509.84 must be paid by [OneWest Bank] to the [Association]."

"[A] judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 139, 254 P.3d 439, 450 (2011) (quoting In re Hana Ranch Co., 3 Haw. App. 141, 146, 642 P.2d 938, 941 (1982)). This court has held:

> Determining whether a judgment is void is not a matter of discretion under HRCP Rule 60(b)(4). "In the sound interest of finality, the concept of void judgment must be narrowly restricted." Accordingly, "if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, whether right or wrong, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned."

Dillingham Inv. Corp. v. Kunio Yokoyama Tr., 8 Haw. App. 226, 233-34, 797 P.2d 1316, 1319-20 (1990) (citations omitted) (first citing Hana Ranch, 3 Haw. App. at 146, 642 P.2d at 941; then quoting 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.25[2], at 60-225, 229-30 (2d ed. 1990)).

OneWest Bank argues that the supreme court's holding in Powers v. Ellis, 56 Haw. 587, 588, 545 P.2d 1173, 1174 (1976), is controlling. There, the supreme court held:

> Defenses to the foreclosure complaint are required to be pleaded by such junior lienor defendants and are adjudicated by the decree of foreclosure. The claims of such junior lienors to any surplus remaining after satisfaction of the senior mortgage, on the other hand, are to be pleaded as pure cross claims pursuant to HRCP Rule 13(g).

However, OneWest Bank does not cite any authority indicating that, even assuming a party's non-compliance with HRCP Rule 13(g), or any of the other numerous provisions that OneWest

7

Bank cites on appeal,[3] the Circuit Court is deprived of subject matter jurisdiction over the distribution of proceeds from the foreclosure sale, and we find none. On the contrary, in several cases cited by OneWest Bank, the supreme court held that even where the circuit court lacked, or exceeded, its authority pursuant to a procedural rule, there was no impact on the court's jurisdiction.

Specifically, in In re Genesys Data Technologies, Inc., 95 Hawai'i 33, 38, 18 P.3d 895, 900 (2001), one issue on appeal was whether a default judgment was void because it awarded the plaintiff damages that exceeded the amount pled in the complaint in violation of HRCP Rule 54(c). Regarding subject matter jurisdiction, the supreme court stated, "[t]here is no indication that the circuit court lacked jurisdiction over the subject matter or the parties in this case[,]" and turned to the parties' arguments regarding due process. Id. In another case OneWest Bank cites, Fujii v. Osborne, 67 Haw. 322, 330-31, 687 P.2d 1333, 1339-40 (1984), the supreme court held that the trial court "had no authority to enter the default" under HRCP Rule 55(a) where no such relief was sought, but nonetheless concluded that the trial court "had jurisdiction of the parties, and of the subject property[.]" In re Genesys Data and Fujii evidence that a trial court's actions that violate procedural rules or exceed its

---

[3] OneWest Bank argues that the Association "was statutorily required to follow foreclosure procedures in order to collect on the past-due amounts from surplus proceeds from the foreclosure sale," citing HRS § 514B-146. OneWest Bank also cites to HRCP Rules 3, 4, 5, 7, 8(a), 15, 39, 56(a)-(b), without expressly arguing that any of these provisions were violated.

authority to grant relief do not necessarily implicate the court's subject matter jurisdiction.

Here, although stated as an affirmative defense, in its Answer to OneWest Bank's Complaint, the Association did in fact plead that it has a statutory lien for certain assessed but unpaid sums and that it had recorded a Notice of Lien, and its prayer for relief includes a request that the court determine the priority of the parties' claims. Liberally construed, it appears that the Association's Answer states a cross-claim for the payment of its assessments from the proceeds of the sale of the subject property. See, e.g., Ryan v. Herzog, SCWC-13-0000595, 2018 WL 2127079 at *8 (May 9, 2018) (designated for publication) (holding that a tenant's answer to the complaint, when "liberally construed," included an "implicit" counterclaim for retaliatory eviction). OneWest Bank provides no authority that due to alleged errors in the form of pleading, which alleged errors were not raised prior to the Circuit Court's entry of the Judgment on the Confirmation Order, the Circuit Court lacked jurisdiction to determine the amounts due to the Association from the sale of the subject property, and we find none. Therefore, we conclude that the Circuit Court did not err or abuse its discretion in denying HRCP Rule 60(b)(4) relief from the Judgment on Confirmation Order.

HRCP Rule 60(b)(6): OneWest Bank asserts that the Circuit Court erred and/or abused its discretion in the application of the doctrine of laches in the Foreclosure Decree, which the court later referred to as unclean hands stemming from

9

OneWest Bank's various dilatory actions, in the Order Denying Rule 60(b) Motion. OneWest Bank argues, in essence, that it is entitled to extraordinary relief pursuant to HRCP Rule 60(b)(6), as it did not appeal from the Judgment on the Foreclosure Decree. This argument is without merit.

"[A] party seeking relief under HRCP Rule 60(b)(6) after the time for appeal has run 'must establish the existence of "extraordinary circumstances" that prevented or rendered him unable to prosecute an appeal.'" Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 436, 16 P.3d 827, 841 (App. 2000) (quoting Hana Ranch, 3 Haw. App. at 147, 642 P.2d at 942); see also Stafford v. Dickison, 46 Haw. 52, 57 n.4, 374 P.2d 665, 669 n.4 (1962) ("[A] motion under Rule 60(b) is not a substitute for a timely appeal from the original judgment." (citation omitted)). Here, OneWest Bank fails to identify any circumstances that prevented it from filing a timely notice of appeal from the Judgment on Foreclosure Decree to challenge the application of laches to the amount of its mortgage in the Foreclosure Decree, let alone extraordinary ones. Nor does OneWest Bank explain how the Circuit Court's reference to "unclean hands" in the Order Denying Rule the 60(b) Motion, even if erroneous, entitles it to relief under HRCP Rule 60(b)(6), and we find none. Moreover, we cannot conclude, based on the record in this case and the arguments made, that the Circuit Court abused its discretion in characterizing OneWest Bank as having unclean hands in its conduct of these foreclosure proceedings.

Thus, for these reasons, we conclude that the Circuit Court did not err in denying OneWest Bank's request for relief pursuant to HRCP Rule 60(b)(1), (4), and (6).

(2) OneWest Bank further argues, however, that the Circuit Court erred in entering damages awards against OneWest Bank in the Order Denying Rule 60(b) Motion. This argument has merit.

As OneWest Bank acknowledges, this court has held that a successful bidder at a judicial foreclosure sale submits himself or herself to the jurisdiction of the circuit court and is subject to subsequent enforcement orders by the circuit court upon entry of an order confirming the sale. First Hawaiian Bank v. Timothy, 96 Hawai'i 348, 357, 31 P.3d 205, 214 (App. 2001) (explaining, "[s]ince Hayashi bid on the subject property and his bid was accepted by the circuit court when it entered the Order Confirming Sale, Hayashi submitted himself to the jurisdiction of the circuit court and was subject to subsequent enforcement orders by the circuit court"); see also HRS § 603-21.7(1)(c) (2016) (circuit courts have jurisdiction in actions or proceedings "for the foreclosure of mortgages"); HRS § 603-21.9(1) (2016) (circuit courts also have the power "[t]o make and issue all orders and writs necessary or appropriate in aid of their original or appellate jurisdiction[.]").

In this case, the issue of OneWest Bank's potential liability for damages was before the Circuit Court in conjunction with the Association's post-judgment motion that resulted in the July 24, 2015 Order on Motion to Show Cause, which is not before

the court on this appeal. However, the issue of the amount of damages incurred by the Association was not properly before the Circuit Court in conjunction with OneWest Bank's post-judgment motion for HRCP Rule 60(b) relief from the Judgment on Foreclosure Decree and the Judgment on Confirmation Order, as there were no damages awarded against OneWest Bank in those judgments, or their respective underlying orders. OneWest Bank's motion sought to limit the amount forfeited from its credit bid deposit. Thus, we conclude that the Circuit Court erred in the Order Denying the Rule 60(b) Motion, in finding that OneWest Bank is liable for payment of damages to the Association, and that the Association has incurred damages in a certain amount, and ordering OneWest Bank to pay damages to the Association.[4] Thus, paragraphs e. and g., on page 3, and paragraph 9., on page 4, of the Order Denying the Rule 60(b) Motion must be stricken.[5]

(3) OneWest Bank further argues that the Circuit Court abused its discretion in denying its motion for reconsideration. However, except as to the issue of damages, it appears that OneWest Bank simply reargued the merits of the Rule 60(b) motion without identifying any new evidence or arguments that "could not have been presented during the earlier adjudicated motion." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd, 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002) (citation

---

[4] OneWest Bank does not challenge the Circuit Court's order that OneWest Bank pay $8.00 to Old Republic Title & Escrow for escrow fees.

[5] This ruling should not be construed as a ruling on the merits of an award of damages against OneWest Bank and is without prejudice to any relief granted in conjunction with the Order on Motion to Show Cause or any other such proceedings.

omitted); <u>see</u> <u>also</u> <u>Cho v. State</u>, 115 Hawaiʻi 373, 384, 168 P.3d 17, 28 (2007) ("Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." (citation omitted)). Therefore, except to the extent that it addresses the issue of OneWest Bank's liability for damages, which is addressed above, we conclude that OneWest Bank is not entitled to relief from the Circuit Court's Order Denying Reconsideration.

(3) OneWest Bank argues that the Circuit Court erred in entering a final judgment on the Confirmation Order and, accordingly, the Circuit Court erred and/or abused its discretion in denying relief from the Judgment on Confirmation Order. Notably, OneWest Bank does not state what part of HRCP Rule 60(b) authorizes such relief, in the absence of a timely appeal. HRS § 641-1(a) (2016) authorizes appeals "in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court[.]" In foreclosure actions, appeals are also authorized by HRS § 667-51 (2016) as follows:

> **§ 667-51. Appeals.** (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:
>
> (1) A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;
>
> (2) A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and
>
> (3) A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the

> amount of the deficiency judgment), nor shall
> the appeal affect the finality of the transfer
> of title to the foreclosed property pursuant to
> the order confirming sale.

Both HRS §§ 667-51(b) and 641-1(c) require an appeal to "be taken in the manner and within the time provided by the rules of court."

"Under HRS § 667-51, foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and order of sale appealable pursuant to HRS § 667-51(a)(1); and (2) all other orders that 'fall within the second part of the bifurcated proceedings.'" Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 372, 390 P.3d 1248, 1259 (2017) (quoting Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 16, 304 P.3d 1192, 1197 (2013)). Where no timely appeal is taken from a final judgment, it becomes "final and binding." Wise, 130 Hawai'i at 17, 304 P.3d at 1198. Once the Circuit Court enters a final judgment, it lacks authority to reconsider any interlocutory orders preceding that judgment, absent authority under an applicable rule such as HRCP Rule 60(b) or Rule 59(e). See Cho, 115 Hawai'i at 384, 168 P.3d at 28 ("the trial court possesses the inherent power to reconsider its initial [interlocutory] sanctions order at any time prior to the entry of final judgment." (Emphasis added)). Specific to foreclosure proceedings, the supreme court has stated:

> A litigant who wishes to challenge a decree of foreclosure
> and order of sale may—and, indeed, must—do so within the
> thirty day period following entry of the decree or will lose
> the right to appeal that portion of the foreclosure
> proceeding. Additionally, the litigant who does not timely
> challenge the circuit court's ruling accompanying a
> foreclosure decree that also determines the mortgagee's
> right to a deficiency judgment forfeits appellate review of
> the circuit court's determination of *liability* for the

> deficiency judgment, although the litigants may still challenge the *amount* of the deficiency following subsequent entry of final orders in the proceedings.

Beneficial Hawaii, Inc. v. Casey, 98 Hawai'i 159, 165, 45 P.3d 359, 365 (2002) (underlined emphasis added) (citations omitted).

Here, the Judgment on Foreclosure Decree was immediately appealable pursuant to HRS § 667-51(a)(1) because it was a judgment entered on a foreclosure decree.

The final judgment pursuant to HRS § 641-1(a) was the Judgment on Confirmation Order. The Confirmation Order was the last and final order that "collectively embraced the entire controversy" because the sale did not result in a deficiency and the Confirmation Order provided complete directions as to the distribution of proceeds from the sale. Therefore, there was nothing further to adjudicate. Because this case involves one cause of action and the Judgment on Confirmation Order enters judgment as to all named parties, it complied with HRCP Rule 58 and Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). OneWest Bank's failure to timely appeal from the Judgment on Confirmation Order precludes our review of this second and final portion of the proceedings and all preceding interlocutory orders, including the Confirmation Order.

Finally, in this court's July 13, 2016 Order Regarding Appellate Jurisdiction, we stated in footnote six that "[t]o the extent that Appellant OneWest Bank's October 2, 2015 post-judgment motion sought HRCP Rule 60(b) reconsideration of the July 24, 2015 post-judgment order, that post-judgment motion

15

cannot be considered a tolling motion for reconsideration under HRAP Rule 4(a)(3). . . ." Upon further review of the post-judgment record, it is clear that OneWest Bank did not, in the October 2, 2015 motion for reconsideration, seek reconsideration of the Order on Motion to Show Cause. We also stated that "Appellant OneWest is not entitled to appellate review of the related [Order on Motion to Show Cause], because Appellant OneWest Bank's March 1, 2016 notice of appeal is not timely as to the [Order on Motion to Show Cause]." However, we hereby clarify and amend our July 13, 2016 Order Regarding Appellate Jurisdiction to reiterate that the Order on Motion to Show Cause is not properly before this court in this appeal, but to state that we express no opinion as to whether the Order on Motion to Show Cause is a final post-judgment order.

For these reasons, the Circuit Court's September 22, 2015 Order Denying the Rule 60(b) Motion is affirmed in part and reversed in part; the Order Denying the Rule 60(b) Motion is affirmed, except that paragraphs e. and g., on page 3, and paragraph 9., on page 4, of the order are hereby stricken. Accordingly, the Circuit Court's February 12, 2016 Order Denying Reconsideration is also affirmed in part and denied in part.

DATED: Honolulu, Hawai'i, June 22, 2018.

On the briefs:

Peter T. Stone,
(TMLF HAWAII, LLLC),
for Plaintiff-Appellant.

Cid H. Inouye,
Kristi L. Arakaki,
(O'Connor Playdon & Guben LLP),
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge